IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| GLENDA BELCHER, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:22-CV-305-MAC-CLS |
| § | |
| GREAT LAKES INSURANCE SE AND § | |
| JIMMY ROMERO § | |
| § | |
| *Defendants*. § | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72. Pending before the court is Plaintiff Glenda Belcher's Motion to Remand this case to state court. (Doc. # 8.) After review, the undersigned recommends denying the Motion to Remand.

**I.    Procedural History and Plaintiff's Claim**

This case involves a dispute over an insurance policy alleged to cover damages for Hurricane Laura. On June 29, 2022, Plaintiff's Original Petition was filed in state court in the 163rd District Court of Orange County, Texas. (Doc. #2.) Plaintiff alleges several state claims against Defendant Great Lakes Insurance SE ("Great Lakes") and Defendant Jimmy Romero, acting as an agent of Great Lakes.

Plaintiff filed a claim with Great Lakes for the damage Hurricane Laura caused to her house. (Doc. #2 at ¶19.) Great Lakes assigned Alacrity Solutions as the adjusting company, who,

in turn, assigned Jimmy Romero as the adjuster to investigate Plaintiff's claim. (Doc. #2 at ¶20.) Romero inspected Plaintiff's property and was responsible for documenting the damage and estimating its value. (Doc. #2 at ¶20.)

On July 22, 2021, Plaintiff sent Defendants a Notice of Claim letter pursuant to section 542A.003 of the Texas Insurance Code. (Doc. #8 Ex. B.) On June 29, 2022, Plaintiff then sued Defendants in state court asserting claims for breach of contract, breach of the common law duty of good faith and fair dealing, misrepresentation, and violations of the Texas Insurance Code and Texas Business & Commerce Code. (Doc. #2 at ¶¶29-53.) On July 29, 2022, Great Lakes elected responsibility for Alacrity Solutions and adjuster Jimmy Romero pursuant to section 542A.006 of the Texas Insurance Code in its Answer to Plaintiff's Petition. (Doc. #3 at ¶¶17-18). On August 2, 2022, Great Lakes filed its Notice of Removal based on diversity jurisdiction. (Doc. #1.)

On August 31, 2022, Plaintiff filed her Motion to Remand this case to state court. (Doc. # 8.) Plaintiff, a Texas citizen, asserts that the inclusion of Defendant Jimmy Romero, also a Texas citizen, in the suit creates a lack of complete diversity required to maintain diversity jurisdiction. In opposition, Defendants assert that Romero was improperly joined as a defendant, therefore his citizenship does not break complete diversity as measured between Plaintiff and Great Lakes.

**II.     Legal Standard**

    A. Federal Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013); *see also, e.g.*, *Energy Mgmt. Servs. LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Only cases that "could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

This court must presume that it does not have jurisdiction. *Kokkonen*, 511 U.S. at 377; *see also Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that removal is proper and federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). To remove a case to a federal district court based on diversity, the defendant must demonstrate that all the prerequisites of diversity jurisdiction outlined in 28 U.S.C. § 1332 are satisfied. *Smallwood v. Ill Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). Under 28 U.S.C. § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed $75,000, exclusive of interests and costs. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). Further, this court must construe any ambiguities against removal and in favor of remand. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno*, 276 F.3d at 723).

    B.  <u>The Voluntary-Involuntary Rule</u>

The voluntary-involuntary rule is a judicially created rule establishing that "a case nonremovable on the initial pleadings [may] become removable only pursuant to a voluntary act of the plaintiff." *Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 52 (5th Cir. 2008) (citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)). For example, in *Weems*, the Fifth Circuit held that an action commenced in state court against a non-diverse defendant and a diverse defendant (nonremovable to federal court due to lack of diversity) could not be removed when the non-diverse defendant was dismissed by a directed verdict. *Weems*, 380 F.2d at 547.

This district has previously found that the voluntary-involuntary rule applied in cases where a diverse insurer elected responsibility for its non-diverse adjuster after the state court action was initiated. *Stephens v. Safeco Ins. Co. of Ind.*, No. 4:18-cv-00595, 2019 WL 109395, at *4

3

(E.D. Tex. Jan. 4, 2019) (reasoning that the insurer's election was "undoubtedly" an involuntary act of the plaintiff); *Hebert v. United Prop. & Cas. Ins. Co.*, No. 1:19-CV-00234-MAC, 2019 WL 5617023, at *1 (E.D. Tex. Oct. 30, 2019) (holding that the suit was not removable because the insurer's election of post-suit liability was "an involuntary act with regard to the plaintiff"); *Holmes v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:19-CV-00420, 2020 WL 6791514, at *2 (E.D. Tex. Jan. 8, 2020) ("[The insurer's] election is an involuntary act of [p]laintiffs."); *Altom v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:19-cv-615-RWS-KPJ, 2020 WL 810856, at *4 (E.D. Tex. Jan. 27, 2020), *R. & R. adopted*, No. 4:19-CV-615-RWS, 2020 WL 805204, at *1 (E.D. Tex. Feb. 18, 2020) (refusing to deny remand "solely on [d]efendant's election"); *Scout 5 Properties, LLC v. Acadia Ins. Co.*, No. 2:21-cv-00231-JRG-RSP, 2021 WL 5051564, at *4 (E.D. Tex. Oct. 31, 2021) (finding no diversity where plaintiff opposed the state court's ruling dismissing the non-diverse defendant); *see also Bar-B-Que Depot, Inc. v. Mesa Metro. Specialty Ins. Co.*, No. 1:19-CV-625, 2020 WL 5536010, at *5 (E.D. Tex. Aug. 11, 2020), *R. & R. adopted*, No. 1:19-CV-625, 2020 WL 5534654, at *1 (E.D. Tex. Sept. 14, 2020) (holding that the suit was properly removed and not barred by the voluntary-involuntary rule when plaintiff voluntarily non-suited the only non-diverse defendant).

The Fifth Circuit recently applied the voluntary-involuntary rule in this context and analyzed its effect on post-suit, pre-removal election of liability. *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, No. 21-20092, 2022 WL 4731473, at *3 (5th Cir. Oct. 3, 2022). In *Acadia*, the court agreed with *Stephens*, 2020 WL 109395, and its progeny that the voluntary-involuntary rule applies to cases where a diverse insurer elects responsibility under section 542A.006 of the Texas Insurance Code for its non-diverse adjuster after the state court action was filed. However, *Acadia* overrules the central holding in *Stephens* that the improper joinder exception does not apply if an

insurer elects liability after the suit has been filed, regardless of whether the election was made pre- or post-removal. *Acadia*, 2022 WL 4731473, at *4. As discussed *infra* § III, *Acadia* holds that the improper joinder exception applies so long as the election was made before removal. *Id.*

### C. The Improper Joinder Exception

Determining whether the voluntary-involuntary rule applies does not end the inquiry—the next step in the analysis is to determine whether an exception to the rule applies. "Courts have long recognized an exception to the voluntary-involuntary rule where a claim against a nondiverse or in-state defendant is dismissed on account of [improper][1] joinder." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). The improper joinder exception is "designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties." *Id.* at 533. "[A] plaintiff may not argue that removal is barred because a non-diverse defendant's dismissal was involuntary when the non-diverse defendant should never have been party to the action to begin with." *Stephens*, 2019 WL 109395, at *4. Therefore, notwithstanding the voluntary-involuntary rule, if a court finds that an improperly joined non-diverse defendant is preventing removal, the court will dismiss that defendant without prejudice and permit removal of the action if complete diversity otherwise exists. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573.

---

[1] The Fifth Circuit and courts within this circuit use the terms "improper joinder" and "fraudulent joinder" interchangeably. *Smallwood*, 385 F.3d at 571 n.1 ("[T]here is no substantive difference between the two terms.").

5

*1. No Reasonable Basis for Recovery*

Of the two ways to establish improper joinder, only the second way is before the court today, which requires the defendant to demonstrate the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. The defendant can carry its "heavy burden" of showing that the plaintiff is unable to establish a cause of action against the non-diverse party "by demonstrating that the plaintiff has 'no possibility of recovery . . . which stated differently *means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant*.'" *Stephens*, 2019 WL 109395, at *4 (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

A court evaluates whether a plaintiff has a reasonable basis for recovery under state law by conducting "a Rule 12(b)(6)-type analysis." *Smallwood*, 385 F.3d at 573. In conducting this 12(b)(6) analysis, federal pleading standards apply. *Int'l Energy*, 818 F.3d at 207. The court should look at the allegations contained within the complaint in determining whether it states a claim against the in-state defendant under state law. *Electro Grafix, Corp. v. Acadia Ins. Co.*, No. SA-18-CA-589-XR, 2018 WL 3865416, at * 3 (W.D. Tex. Aug. 14, 2018) (quoting *Smallwood*, 385 F.3d at 573). Accordingly, a plaintiff's pleading must contain "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Typically, if a plaintiff's claim against the in-state defendant can survive a Rule 12(b)(6) challenge, joinder was proper. *Smallwood*, 385 F.3d at 573.

**III.   Discussion**

As discussed *supra* § II.B, the voluntary-involuntary rule applies here as Defendant Great Lakes elected responsibility for its non-diverse adjuster after Plaintiff's state court action was

initiated. Therefore, the central issue before the court is whether the improper joinder exception to the voluntary-involuntary rule applies.

Defendant Great Lakes has elected to accept liability for Defendant Romero pursuant to section 542A.006 of the Texas Insurance Code, which will ultimately result in Romero's dismissal from the action.[2] Per the recent Fifth Circuit ruling in *Acadia*, so long as Great Lakes elected liability prior to filing their notice of removal, Romero's joinder as an agent was improper even if the election occurred after Plaintiff filed suit. *Acadia*, 2022 WL 4731473, at *4 ("Because [the insurer] elected to accept liability for [the agent] before removal, even though suit had already been filed, the statute required that 'the court shall dismiss the action against the agent with prejudice.'").

Here, Great Lakes's election of responsibility for Romero under section 542A.006 of the Texas Insurance Code occured on July 29, 2022. (Doc. #3 at ¶¶17-18.) Great Lakes subsequently filed its Notice of Removal on August 2, 2022. (Doc. #1.) Therefore, Romero was improperly joined, and the voluntary-involuntary rule does not apply. As such, there was complete diversity among the parties at the time of removal, and Great Lakes' removal was proper. Plaintiff's Motion to Remand should be denied.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Remand be **DENIED**.

---

[2] The Texas Insurance Code states that "If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice." TEX. INS. CODE § 542A.006(c).

## V.    Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 18th day of October, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE